FREDERICK T. CARRINGTON, RESPONDENT, *v.* LUCIUS B. CROCKER, APPELLANT.

*Joint demand—Severance—Consent of debtor—Statute of Limitations.*

Although, as a general rule, a demand due to several persons jointly cannot be divided, so as to allow the individual interests to be recovered in separate actions, yet it may be done by the agreement or consent of the debtor.

Where there had been an award in favor of two copartners, and the debtor had paid to one of the partners a certain sum in consideration that said partner had released one-half of said award, as being the portion coming to him, held, that the other partner might maintain an action for the recovery of the amount due on said award.

THE Respondent, Carrington, and Myron Pardee, were partners in trade, and in the course of their business the Appellant became indebted to them, as they claimed; and differences having arisen, either as to the existence of the indebtedness or its amount, the respective parties submitted themselves to an arbitration, the result of which was an award, on the 3d day of December, 1852, in favor of Carrington and Pardee, against Crocker, for the sum of $785.07.

In March, 1857, Carrington and Pardee brought an action in the Supreme Court against Crocker, to recover the amount thus awarded.

Crocker's defence was—1st, the Statute of Limitations; 2d, a release to him by Pardee of half the award in consideration of $200; and 3d, that Pardee was improperly joined with Carrington as a Plaintiff.

In June, 1859, the cause was tried. The Plaintiffs produced the award (which the Defendant admitted to have been made, December 3d, 1852), and offered to show that a payment had been made on it within six years.

The Defendant objected, on the ground that such proof was inadmissible under the complaint, it not having alleged a new promise within six years.

This objection was overruled, the Justice deciding that the

complaint might be amended according to the facts. A receipt was then produced, endorsed upon a copy of the award, dated August 27, 1858, which receipt is quoted in the opinion below. This was the Plaintiff's case.

The Defendant introduced a release, dated April 8, 1859, made by Pardee to the Defendant, in consideration of $200, of his (Pardee's) one-half of the award, and insisted on the objection of misjoinder of parties; and the Court held that the objection might be remedied by striking out the name of Pardee as Plaintiff.

On the conclusion of the trial, the Court ordered judgment in favor of Carrington, as sole Plaintiff, for one-half of the award, and interest from its date, with costs.

Judgment was entered in favor of Carrington, from which the Defendant appealed to the General Term, where the judgment was affirmed, and thereupon the Defendant appealed to this Court.

*A. Perry* for Appellant.
*Marsh & Webb* for Respondent.

FULLERTON, J.—Although, as a general rule, a demand due to several persons jointly, cannot be divided so as to allow the individual interests to be recovered in separate actions, yet it may be done with the debtor's consent. The reason is, that the contract of the debtor is to pay the debt as an entirety to his joint creditors, and is therefore indivisible. The debtor, however, may, by a new contract, bind himself to account to the individual creditors for their respective interests in the demand, and such contracts are susceptible of being enforced.

The object of this rule is to protect the debtor from a multiplicity of actions, and the consequent increased expense; but if he chooses to waive the protection which the law has provided him, no legal objection can be urged against it. The first question in this case, then, is whether Crocker consented to sever the joint interest of his creditors, and agreed to pay each of them a moiety of the demand. The award was made December 3d, 1852, in favor of the Plaintiff and Myron Pardee, who at the time were co-partners in trade. On the 27th of August, 1858, the Defendant

paid Pardee $200 on account of the award, and took the follow-
ing receipt, endorsed on the award:

" Received, Oswego, August 27, 1858, two hundred dollars, in
full for my one-half interest in the above award."

The terms of this receipt leave no doubt as to the intentions of the
parties to split the demand; but they did not effectuate it so as to
make it binding on the owners of the claim. The payment, and the
receipt given for it, did not operate as a satisfaction of one-half the
claim, for the reason that there was no consideration moving be-
tween the parties which could affect the claim beyond the amount
paid. It is a well-settled rule of law, though it is seldom applied,
that the payment of a smaller sum cannot operate as a satisfac-
tion of a larger (Cumber *v.* Wane, 1 Smith's Leading Cases, p.
301, 6th Eng. ed. ; S. C. 1 Strange, 426, and cases there cited).

At the time this sum of $200 was paid, the whole award, and
the interest thereon, was due, and one-half the principal sum was
far more than that amount.

There having been no new consideration for the promise to sat-
isfy any part of this demand beyond the amount paid, and there
being no release under seal, it follows that the whole award, with
interest, less the $200 paid, was a valid demand against the De-
fendant, in favor of both Carrington and Pardee.

The receipt, therefore, did not split the demand, and the action
was properly brought in their joint names, and could have been
maintained, had it not been for the release of the 8th of April,
1859. That instrument, under seal, and expressing a new con-
sideration, consummated the agreement between Pardee and
Crocker, which before that had remained inchoate, and as be-
tween the parties to it, effectually extinguished one-half the whole
demand, leaving Carrington to prosecute his action for his half.

That this was the intention of the parties to the receipt and re-
lease, there can be no doubt. When Crocker agreed to pay Par-
dee $200 as and for his one-half of the award, he doubtless meant
that the other half should become the property of the Plaintiff.

The Defendant himself took the same view of the transaction;

for in his original answer to the complaint, in which Carrington and Pardee were both Plaintiffs, he claims as a defence, that "Pardee was improperly joined with Carrington as a party Plaintiff," because he had "released *his* interest in the award." The Defendant appears to have deliberately agreed that the interests of his creditors should be separate, and he cannot complain if he is held to his contract.

Even if this were not so, the Defendant could not avail himself of the objection that there was a defect of parties Plaintiff in the amended complaint, after the name of Pardee had been stricken out.

This defect, if any, appeared on the *face of the complaint*, and the only remedy in such a case is by demurrer, and the objection cannot be taken by *answer* (vide Depuy and Others *v*. Strong and Others, post., p. 239).

Neither can it be maintained that the release of Pardee, of his one-half of said award, operated as a release of the whole.

It was not so intended by the parties, neither is that its legal effect.

The authorities cited to show that a release by one of several joint creditors of a debt or demand will bar an action by others, have no application in this case.

I cannot agree with the learned Judge, who delivered the opinion in the Court below, that the payment of the $200 did not take the case out of the Statute of Limitations. The reason given in support of that view of the matter is, that this action is for one-half of the demand, and upon that specific half nothing had been paid.

That proposition is true, but it does not by any means follow that the payment was not made on the demand as a whole. If the demand had been severed by a valid agreement before the payment was made, then the payment would necessarily have applied solely to the extinguishment of Pardee's interest.

But that was not the case.

I have already shown that the payment of the $200, when the receipt was given, extinguished the demand only pro tanto, and

not one-half of it, and that Carrington was entirely unaffected by that payment and receipt, except so far as the amount paid went to satisfy the joint demand as a *whole.*

He had given no consent that Pardee's interest should be severed, and without such consent Pardee could not appropriate to his exclusive use the payment made; because Carrington could have compelled Pardee to account to him for one-half of the $200.

Adopting this mode of reasoning, which seems to be sound, the payment made was on account of the whole demand, and not on a moiety of it, and consequently the Statute of Limitations has not run against it.

The fact that Carrington assented to what had been done, by amending his complaint on the trial, and claiming to recover his half of the award, does not affect the application of this rule to the case.

The assent then given does not relate back, so as to change the character or effect of the payment.

It was still a payment on the demand, before the interests of the parties were severed, and affected the whole claim.

The judgment should be affirmed, with costs.

All concur.

Affirmed.