## SUPREME COURT.

LEONARD B. LINDSLEY and ·ISAAC B. COTTRELL agt. THE
EUROPEAN PETROLEUM COMPANY.

Where an answer admits the making and delivery of a promissory note and sets· up
an affirmative defense, the affirmative is with the defendant who is entitled to
open and close the case, and the refusal of the court to allow him so to do, is
error, for which judgment will be reversed and a new trial ordered.

*First District, General Term, January,* 1871.
*Before* INGRAHAM, *P. J.,* BARNARD *and* BRADY, *JJ.*

THIS was an action brought to recover the amount of
thirteen promissory notes, made by the European Petroleum
Company to the order of L. E. Lahens and indorsed by said
Lahens to the plaintiffs.

The answer of the defendants was as follows: "The
defendants came into court and answering the complaint of
plaintiffs, admit the making, indorsement, transfer and deliv-
ery of the said notes, and deny the other allegations therein
contained," and then proceeded to set forth an affirmative
defense.

Upon the trial before a referee, the defendants' counsel
proposed to open the case, and insisted on his right so to
do, on the ground that the burden of the proof was on the
defendants, and that the affirmative was with them. The
plaintiffs' counsel objected and claimed that he was entitled
to open and close the case.

The referee decided that the plaintiff was entitled to open
and close the case, to which decision defendants' counsel
excepted. The counsel for plaintiffs, thereupon opened

the case, produced the promissory notes mentioned in the complaint and rested. The referee having decided in favor of plaintiffs, the defendants appealed to the general term upon the foregoing and other exceptions.

FREDERIC R. COUDERT, *counsel for appellant,*

Argued as follows on the point above suggested.

The referee erred in his ruling to the effect, that the plaintiffs were entitled to open and close.

I. The defendants specifically admitted all the facts in the complaint contained, that were necessary to the recovery of plaintiffs, viz.: "Themaking, indorsement, transfer, delivery andnon-payment" of the notes in suit. The subsequent denial was manifestly intended to dispute the lawfulness of the claim and nothing more. If the affirmative defense in the answer was established on the trial, then the plaintiffs were not the lawful owners of the notes in suit, and the defendants were not justly indebted on the notes. If no affirmative defense was proven, then the plaintiffs were entitled to judgment without any proof whatever.

II. It being clear that the affirmative was with the defendants, we submit that the error of the learned referee in denying them their right to open and close, is a subject of review by the appellate court, and that the defendants on this ground alone, are entitled to a new trial. (*Huntington* agt. *Conkey, approved in* 31 *N. Y.,* 614; 33 *Barb.,* 218; *citing Davis* agt. *Mason,* 4 *Peck,* 158; *Brooks* agt. *Barrett,* 7 *Peck,* 98; 8 *Metcalf,* 64; 7 *Cush.,* 563; *Rolum* agt. *Hanson,* 11 *Cush.,* 44; *Hoxie* agt. *Green,* 37 *How.,* 97.)

III. Nor is it for the defendant to show that the error of the referee prejudiced him. It is for the plaintiff to prove the negative of that proposition. (*Greene* agt. *White,* 37 *N. Y.,* 384.)

GEORGE C. GENET, *attorney, and*

JAMES C. CARTER, *counsel for respondent,*

Argued that the denial of "*all other allegations*" was sufficient to entitle plaintiffs to the affirmative, and moreover, that it was a question within the discretion of the referee, and his ruling thereon would not be reviewed.

After argument, the court declined to look into the other exceptions in the case, and held that the referee erred in not allowing defendants to open and close the case, and reversed the judgment accordingly.