(34 Misc. Rep. 144.)

### CHASE v. CITY OF SYRACUSE et al.

(Supreme Court, Special Term, Onondaga County. February, 1901.)

EXTRA ALLOWANCE.

> Where a taxpayer sues to restrain a city from issuing bonds to a greater amount than is necessary to refund other city bonds, and the issue is by the judgment limited to the proper amount, the taxpayer is entitled, besides his taxable costs, to a reasonable extra allowance for counsel fees and disbursements not taxable.

Action by Austin C. Chase against the city of Syracuse and others. Judgment for plaintiff. Motion for an extra allowance of costs. Motion granted.

Hiscock, Doheny, Williams & Cowie, for the motion.
M. Z. Haven, Corp. Counsel, opposed.

ANDREWS, J. It appears that the city of Syracuse proposed to issue its bonds in the sum of $1,000,000, bearing interest at the rate of 4 per cent., and dated January 1, 1900, for the purpose of raising funds to pay $1,000,000 of its bonds then due and outstanding. It also appears that such an issue, because of the premium that could be obtained therefor, would be sold for an amount considerably in excess of what was required to pay the principal and interest of the bonds to be retired. To prevent such a result, the plaintiff, as a taxpayer of the city, began this action, and has obtained judgment perpetually restraining the defendant from issuing more of such new bonds than will be sufficient to raise the sum required to pay the old. It further appears that, as matter of fact, since the preliminary injunction was obtained in this action, the city of Syracuse has, by the sale of $915,-000 of such bonds, obtained sufficient for this purpose. The plaintiff has, therefore, been substantially successful in the litigation begun

by him. Under such circumstances, he makes this application for an extra allowance, upon affidavits showing that his taxable costs will not exceed $115, and that he has become liable for disbursements which are not taxable, and for counsel fees, to a large amount. It further appears that the defendant retained special counsel in this litigation, that one of them (Mr. Delafield) has rendered a bill amounting to $1,000, and that a second (Mr. Wilson) performed services equally as important to those of Mr. Delafield, and will be entitled to large compensation. The action was brought by Mr. Chase, not so much for the protection of his own interests, which, as are shown by the defendants' affidavits, would be very slightly affected, but on behalf of all the taxpayers of the city. This being so, there is no reason why he should be called upon to bear personally the necessary expenses of a litigation in which he has succeeded. While, on the one hand, the city should not be exposed to unfounded actions, and the unsuccessful plaintiff in a taxpayer's action subjects himself to all the liabilities of a defeated party, yet, on the other, public policy requires that, where a taxpayer does prevent waste of the public funds, he should be protected from loss by means of a reasonable allowance. Otherwise, the bringing of such actions, often most useful and necessary, will be discouraged. I am of the opinion, therefore, that the motion should be granted, and that an extra allowance of $750 should be made to the plaintiff.

Motion granted.