Bernard S. Meyer, J.
By this application the allowance of counsel fees and disbursements to plaintiff’s counsel in a taxpayer’s action brought pursuant to section 51 of the General Municipal Law is sought. The town resists the application on the law arid asks that the legal question be first determined, and that the matter be set for hearing if the legal question is determined adversely to its contention. The court holds that plaintiff is entitled to an award of counsel fee.
Chase v. City of Syracuse (34 Misc. 144, 145-146) stated the governing principle as follows:
“ The action was brought by Mr. Chase, not so much for the protection of his own interests, which, as are shown by the defendants’ affidavits, would be very slightly affected, but on behalf of all the taxpayers of the city. This being so, there is no reason why he should be called upon to bear personally the necessary expenses of a litigation in which he has succeeded.
‘ ‘ While, on the one hand, the city should not be exposed to unfounded actions, and the unsuccessful plaintiff in a taxpayer’s action subjects himself to all the liabilities of a defeated party, yet, on the other, public policy requires that, where a taxpayer does prevent waste of the public funds, he should be protected from loss by means of a reasonable allowance. Otherwise the bringing of such actions, often most useful and necessary, will be discouraged.”
That principle was most recently applied by Mr. Justice Velsob in Gerzof v. Sweeney (52 Misc 2d 505) in awarding attorneys ’ fees in a taxpayer’s action that resulted in a large verdict for the municipality involved. The question is dealt with in both the Chase and Gersof cases as one of an extra allowance. In this respect, the court respectfully declines to follow those cases for the reasons stated in Matter of Attorney-General v. North Amer. Life Ins. Co. (91 N. Y. 57, 61-62). There the court dealt with a request for an allowance of counsel fees to interveners in an insurance receivership who had opposed the receiver’s application for commissions. The allowance was denied because intervenors were acting in their own interests. However, in stating the applicable principles the Court of Appeals referred to taxable costs and extra allowances and continued: “ The allowance which the petitioners seek is of a different character and entirely outside of the Code, and what is often described as costs between solicitor and client.
*276 ‘ ‘ The most familiar illustrations of that sort of allowance are found in cases where suits are brought and defended by trustees, or persons acting en autre droit. The principle upon which counsel fees are granted in such instances is that of a necessary disbursement, and it stands upon the same ground as any other necessary expense of the preservation of the fund. Often and usually the trustee has no interest, outside of the performance of duty. What he does is for the benefit of others whose interests are for the time being in his keeping. He owes them no duty to expend his own money for their benefit, and whatever he dees so expend in the reasonable and prudent care of the trust fund is properly allowed to him as an expense. Counsel fees thus incurred to an extent approved by the court may, therefore, be allowed him, and if fixed in advance of his actual payment, they are none the less the necessary expenses of his trust. (Downing v. Marshall, 37 N. Y. 387; Irving v. DeKay, 9 Paige, 533; Wetmore, Ex’r, v. Parker, 52 N. Y. 450.) ” (See, also, Woodruff v. New York, Lake Erie Western R.R. Co., 129 N. Y. 27, 30; Sprague v. Ticonic Nat. Bank, 307 U. S. 161; Trustees v. Greenough, 105 U. S. 527.) The right of a citizen who, without personal interest other than his interest as taxpayer, brings an action which results in a recovery by the municipality, to recover from the fund all necessary expenses including counsel fees, stems from the equitable principle applied in trust matters, rather than any procedural statute or rule governing costs or allowances, and is quite generally recognized (see Ann. 5 ALR 2d 874; 18 McQuillin, Municipal Corporations, § 52.51; 64 C. J. S., Municipal Corporations, p. 1010, § 2171; 81 C. J. S., States, p. 1260, § 193).
The town argues, however, that plaintiff’s action did not create the fund, and, therefore, there is no right to an award. Its claim is that it began negotiations with United States Dredging Corporation in May, 1959, whereas plaintiff did not write to town officials until September 9, 1959 and did not begin this action until October 2, 1959; that in good faith it settled wdth United States Dredging on April 19, 1960 for $31,449.29, and that the additional $128,550.71 which has now been paid by Dredging to the town resulted not from trial of the action and determination that there had been waste in the total sum of $160,000 but from the many practical and psychological factors motivating settlement.
So far as the $128,550.71 is concerned, the short answer is that (1) the town made a motion for summary judgment predicated in part on the $31,449.29 settlement, which was denied and denial of which was affirmed on appeal (13 A D 2d 1014); (2) *277 Mr. Justice Pittoni found after trial that there had been waste, although he did not determine the amount (41 Misc 2d 446, 455), and his determination, though modified in other respects, was in this respect affirmed (23 A D 2d 9); and (3) the papers establish and the town does not deny, that no one other than the attorneys for plaintiff negotiated on behalf of the town in bringing about the $160,000 settlement. "Whatever the reasons motivating the settlement and irrespective of any question of good faith, it cannot be gainsaid that the efforts of plaintiff’s attorneys and only those efforts produced the $128,550.71. Whether their efforts produced or were a substantial factor in producing the other $31,449.29 may have been determined by Judge Pittoni’s decision. The court cannot decide that without hearing the town’s evidence and comparing it with the record before Judge Pittoni and with his decision.
The amount of the fee should, in any event, be determined on proof rather than on papers (Matter of R. D. Brown, Inc. v. Board of Assessors, 4 A D 2d 926; Gerzof v. Sweeney, supra). Accordingly, the matter is set down before me at Trial Term, Part YIII on Tuesday, September 5, 1967 at 9:30 a.m. for hearing on the following issues: (1) whether the efforts of plaintiff’s attorney were a substantial factor in producing the $31,449.29 settlement, (2) whether the foregoing question is foreclosed by any prior determination in this case, (3) the fee to be allowed.