In the Matter of RICHARD M. KESSEL, as Executive Director of the Consumer Protection Board of the State of New York, et al., Petitioners, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, January 29, 1987

## APPEARANCES OF COUNSEL

*Richard M. Kessel,* petitioner *pro se,* and others by *Joel Blau.*

*David E. Blabey (Marilyn Mann Faulkner* of counsel), for Public Service Commission of the State of New York, respondent.

*Anthony Earley, Jr. (Maher & Babinecz, P. C. [David K. Kadane],* of counsel), for Long Island Lighting Company, respondent.

## OPINION OF THE COURT

HARVEY, J.

In May 1983, respondent Long Island Lighting Company (hereinafter LILCO) filed with respondent Public Service Commission (hereinafter Commission) a request for a $366,000,000 annual electric revenue increase. The filing assumed that LILCO's Shoreham nuclear plant in Suffolk County would be in service during the rate year ending in April 1985. After it became apparent that the Shoreham plant would not operate in the rate year, LILCO's filing was suspended and new projections were made in December 1983. The revised filing requested $281,000,000 permanent rate relief. The request included $182,400,000 of conventional rate relief and a $98,000,000 "Financial Stability Adjustment" (hereinafter FSA). The FSA relief was designed to increase revenues, but not income, in an attempt to improve LILCO's cash flow.

LILCO's financial situation continued to deteriorate and in March 1984 it implemented an austerity program to reduce its operating costs. Since this program was instituted too late to be considered in the direct rate request case, it was determined that the rate cases should proceed on a dual track. "Track One" dealt with LILCO's December filing, determining revenue requirements and rates as if no austerity program

had been adopted. "Track Two" addressed issues concerning the austerity program, such as how much LILCO would save in expenses under the program.

Following extensive hearings, the Administrative Law Judge (hereinafter ALJ) issued his decision for Track One and Track Two. In his decision dealing with Track One, the ALJ recommended that LILCO's financial situation was such that the full $281,000,000 rate increase should be granted. In a second decision, addressing the issues raised in Track Two, he found no basis existed for modifying his initial recommendation. Exceptions were filed and the Commission issued an opinion in which it granted a total increase of $245,000,000. This figure was comprised of a conventionally determined additional annual revenue requirement of $74,500,000 and cash flow relief of $170,500,000. Following the denial of two petitions for rehearing, this CPLR article 78 proceeding was commenced. The proceeding was transferred to this court.

■ Petitioners assert that the Commission failed to exercise its discretion or give meaningful consideration to the interests of ratepayers. In fulfilling its statutory duty of determining just and reasonable rates *(see,* Public Service Law § 72), the Commission must "strike a balance between the interests of the consumer and those who invest in the utilities" *(Matter of St. Lawrence Gas Co. v Public Serv. Commn.,* 42 NY2d 461, 464). The Commission found that without relief, LILCO was facing default on a $90,000,000 bond and possible bankruptcy. These findings are supported by substantial evidence in the record. The Commission exercised its broad discretion in attempting to preserve LILCO's financial integrity in order to continue reliable service while at the same time maintaining affordable rates for consumers. The FSA mechanism was designed to preserve LILCO's solvency without increasing its earnings. Assuming LILCO continues to operate and serve its ratepayers, the FSA amount will be recouped by the customers in the form of lower rates in the future. We are unconvinced that the Commission's determinations are " 'without any rational basis or without any reasonable support in the record' " *(Matter of Abrams v Public Serv. Commn.,* 67 NY2d 205, 212, quoting *Matter of New York State Council of Retail Merchants v Public Serv. Commn.,* 45 NY2d 661, 672).

We find petitioners' contention that the Commission improperly shifted the burden of proof to be without merit. While the utility has the burden of proof to show that a change in rates is just and reasonable (16 NYCRR part 61; *see, Matter of St.*

*Lawrence Gas Co. v Public Serv. Commn., supra)*, the record does not reflect that this burden was shifted to the ratepayers. Nor can it be said that LILCO failed to meet its burden of proof. The record in this case is extensive and fully details LILCO's financial situation and the grounds for the requested relief.

■ Petitioners assert that certain comments by the ALJ and a member of the Commission reflected that they were biased. Petitioners, however, failed to raise this issue in a timely fashion. Sound policy considerations require that allegations of prejudice be raised when the party bringing them first has reasonable cause to believe that a decision-maker should be disqualified *(see, Marcus v Director, Off. of Workers' Compensation Programs,* 548 F2d 1044, 1050-1051). The comments of the ALJ were published in March 1983, approximately 10 months before the first evidentiary hearing was held. However, petitioners did not allege that the ALJ was biased either during the proceedings or in their briefs on exception to the Commission. Indeed, they did not raise the issue until making a petition for rehearing. No excuse was offered for failing to raise the issue earlier. Even if we were to consider in the interest of justice the issue of bias, we would find it without merit.

Petitioners' remaining arguments have been considered and found meritless.

MAIN, J. P., WEISS and YESAWICH, JR., JJ., concur.

Determination confirmed, and petition dismissed, without costs.