■ In the Matter of MAURICE D. HINCHEY, Petitioner, v

PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Service Commission which granted respondent Central Hudson Gas and Electric Corporation a rate increase.

Respondent Central Hudson Gas and Electric Corporation (hereinafter Central Hudson) owns a 9% interest in the Nine-Mile Point No. 2 (hereinafter NMP-2) nuclear power facility in Oswego County, which respondent Public Service Commission (hereinafter the PSC) has determined to represent a prudent investment equal to about $375 million. In 1985 Central Hudson sought permission from the PSC for a net rate increase of some $14.5 million for the year beginning August 31, 1986. A large portion of this proposed increase was attributable to recouping the investment in NMP-2. At the rate hearing and pursuant to a prior order, Central Hudson presented studies showing the effect of phasing its NMP-2 costs into rates over three, five and seven years. It argued for a three-year phase-in, but ultimately stipulated to a seven-year phase-in for its NMP-2 costs proposed by PSC staff. Petitioner, a member of the State Assembly, challenged Central Hudson's recoupment of NMP-2 costs, arguing that such cost recovery was unnecessary and uneconomic and that Central Hudson should recover only the net economic value of its investment, which would never be paid for by savings from NMP-2 generated power.

The Administrative Law Judges rejected petitioner's position and recommended accepting respondents' stipulation. They characterized the stipulation as equitable to customers by placing a larger burden of the costs on those who will use more NMP-2 generated power in later years. They further found that the stipulation provided flexibility by permitting modifications.

The PSC also rejected petitioner's position, but did not accept the stipulation as recommended. Rather it adopted a similar seven-year phase-in plan which was based on one approved in another NMP-2 cost recoupment case and which allowed about a $10.5 million net rate increase. After unsuccessfully seeking rehearing, petitioner commenced this CPLR article 78 proceeding which has been transferred to this court.

Petitioner's challenge to the rate increase is essentially twofold. Petitioner claims that using the "prudent investment" standard in establishing Central Hudson's recoupment

of NMP-2 costs was arbitrary and capricious. Petitioner also argues that the determination is unsupported by substantial evidence. We confirm the PSC's determination and dismiss the petition.

It is now well settled that "if the end result is a just and reasonable balancing of consumer and investor interests, the PSC *may* employ the 'prudent investment' test or any other formula or combination of formulae without offending the Federal Constitution or decisional law" *(Matter of Abrams v Public Serv. Commn.,* 67 NY2d 205, 215 [emphasis in original]). Indeed, the PSC has a long-standing "policy of generally favoring the recovery of whatever expenditures a utility can demonstrate to have been prudently incurred" *(supra,* at 214-215). In this case, there can be no serious challenge to the assessment of Central Hudson's investment in NMP-2 as prudent. The facility's need was demonstrated during its planning stages and the PSC approved Central Hudson's stake and set the prudent investment value of NMP-2. Further, there is ample evidence of a just and reasonable balancing of consumer and investor interests. The PSC considered the impact of its determination through testimony of an accountant, a financial analyst and an economist, among others. It sought, *inter alia,* to maintain Central Hudson's credit rating and to ameliorate the harsh impact of rate increases on ratepayers by permitting full recoupment of NMP-2 costs, but over a seven-year phase-in, rather than three years as sought by Central Hudson. On this record, we find no arbitrariness, capriciousness or error in the PSC's use of the prudent investor standard.

We also find sufficient evidence in the record to satisfy the substantial evidence requirement. Rate setting involves technical issues within the particular expertise of the PSC *(see, e.g., Matter of New York State Council of Retail Merchants v Public Serv. Commn.,* 45 NY2d 661, 672). So long as the PSC's determination has a rational basis and reasonable support in the record, it must be confirmed *(see, e.g., Matter of Kessel v Public Serv. Commn.,* 123 AD2d 203, 205). There is extensive testimony and documentary evidence from PSC staff, independent investment analysts and Central Hudson employees about the effect of NMP-2 on the utility and rates. This evidence establishes that the seven-year phase-in of Central Hudson's NMP-2 prudent investment was, at worst, an adequate recoupment plan. An adequate solution for these purposes is a reasonable one, which we are obligated to approve.

Determination confirmed, and petition dismissed, without

costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.