[659 NYS2d 134]

In the Matter of RONALD CHERNOW ASSOCIATES, INC., et al., Appellants, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, June 26, 1997

## APPEARANCES OF COUNSEL

*Roland, Fogel, Koblenz & Carr, L. L. P.,* Albany *(Keith J. Roland* of counsel), for appellants.

*Maureen O. Helmer,* Albany *(Maureen J. McCauley* of counsel), for Public Service Commission of the State of New York, respondent.

*Robert P. Slevin,* New York City, for New York Telephone Company, respondent.

## OPINION OF THE COURT

MERCURE, J.

Under the policy it applied prior to January 1994, when respondent New York Telephone Company (hereinafter NYT) made a refund of overbilled charges, it paid its customer interest on the amount of the overbilled services but not on the por-

tion of the overbilling attributable to taxes and surcharges. However, in connection with its adjudication of a refund claim submitted on behalf of National Broadcasting Company (hereinafter NBC), on January 19, 1994 respondent Public Service Commission (hereinafter PSC) directed NYT "to revise its * * *· policy so as to provide prospectively for payment of interest on overbilled taxes and surcharges". Further clarifying the issue of prospective application, the PSC decision specified that "as to those cases in which refunds have been made without recognition of interest on overbilled taxes and surcharges, any timely protest, *i.e.*, up to the date of [the PSC] decision [therein], as to the amount of such payment would warrant treatment as a pending case with entitlement to application of the prospective policy".

Subsequently, petitioner Ronald Chernow Associates, Inc., a business that audits telephone bills and pursues refunds on behalf of subscribing commercial telephone customers, and several of its individual clients filed claims seeking the payment of interest on the tax and surcharge component of overbillings that were the subject of claims that had been resolved and paid prior to the January 19, 1994 PSC decision. The PSC determined that the affected NYT customers were only entitled to payment of interest on taxes and surcharges that had been overbilled within a period of six years prior to its filing of the "new" complaint specifically seeking such interest and not from the date of filing of the original overcharge complaint, as had been demanded. Petitioners then challenged the PSC determination in this CPLR article 78 proceeding. Rejecting the contentions that (1) petitioners' interest claims were governed by the six-year Statute of Limitations of CPLR 213, (2) the PSC's ruling involved nothing more than pure legal interpretation and, thus, was entitled to no judicial deference, and (3) the PSC had no rational basis for treating petitioners' claim differently from NBC's, Supreme Court dismissed the petition. Petitioners now appeal from Supreme Court's judgment dismissing the petition and subsequent order denying petitioners' motion for reconsideration.

We affirm. Initially, we agree with Supreme Court's conclusion that CPLR 213 (2), fixing a six-year Statute of Limitations in contract actions, had no bearing on petitioners' claim for interest on the tax and surcharge component of overbillings that accrued prior to the PSC's January 1994 determination in the NBC case. The simple fact is that petitioners' rights vis-à-vis NYT do not arise out of any contract between those

parties. Rather, they spring from the applicable rate tariff which, prior to the PSC's determination of January 1994, made no provision for the payment of interest on claims for overbilled taxes and surcharges. For the same reason, the PSC's coincidental policy decision to implement a six-year look-back period establishes no rights under the CPLR. In fact, by the express provision of CPLR 101, that chapter is limited in application to civil judicial proceedings in courts and before Judges (*see, Matter of Owners Comm. on Elec. Rates v Public Serv. Commn.*, 150 AD2d 45, 51, *revd on other grounds* 76 NY2d 779).

We also agree with Supreme Court's conclusions that the PSC's determination is entitled to judicial deference and should be upheld as both rational and reasonable. This Court has held that a PSC determination which "involved weighing the potential costs associated with reopening settled overcharge cases and consideration of other policy factors affecting a public utility's operation and management" is entitled to judicial deference (*Matter of Consolidated Communication Consultant Servs. v New York State Pub. Serv. Commn.*, 195 AD2d 849, 850). In its resolution of the NBC complaint, the PSC employed precisely that type of balancing analysis in establishing the appropriate retroactive application of its new policy concerning the calculation of interest on overbillings, stating: "[NYT's] change to a policy of paying interest on overbilled taxes and surcharges will be prospective only. Although in some completed cases refunds already paid were undoubtedly substantial, only a small portion of such refunds would have been attributable to overbilled taxes and surcharges. The amount of interest on those tax and surcharge overbillings would then represent only a minor portion of the tax and surcharge overbilling total. In short, as [NYT] argues, the cost to review and recalculate all refund payments appears disproportionate to the interest payments that might be required."

As a final matter, we reject the contention that the PSC improperly discriminated against petitioners by not affording them the same remedy as was provided to NBC. First, under the applicable test, the dissimilar treatment of utility customers will be countenanced if merely supported by a rational basis (*see, Matter of New York State Council of Retail Merchants v Public Serv. Commn.*, 45 NY2d 661, 669). Second, and more significant, the rationale underlying petitioners' argument is fundamentally flawed. There is neither legal nor logical support for the contention that petitioners were unable (and surely had no obligation) to present a claim for interest

on overbilled taxes and surcharges until their refund claims had been processed and paid, thus revealing the omission. As aptly noted by the PSC, none of the petitioners made any demand for interest on overbilled taxes and surcharges until years after their refund claims were resolved, and their present claims are exposed as little more than an after-the-fact effort to ride on the coattails of NBC's hard-fought victory and the change in policy effected thereby.

Petitioners' remaining contentions are also unavailing.

CARDONA, P. J., CASEY, PETERS and SPAIN, JJ., concur.

Ordered that the judgment and order are affirmed, without costs.