■ KLCR LAND CORPORATION et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent. [789 NYS2d 323]—

Cardona, P.J. Appeal from an order of the Supreme Court (Clemente, J.), entered October 9, 2003 in Sullivan County, which denied plaintiffs' motion to vacate or modify a prior order of the court.

Plaintiffs are nonresidential, seasonal electric service customers of defendant, a New York utility company that provides electric and natural gas service. In 1998, plaintiffs filed a complaint in an attempt to commence a class action suit on behalf of all similarly situated customers alleging that defendant overcharged its ratepayers contrary to the terms of a tariff approved by the Public Service Commission (hereinafter PSC). By order entered November 17, 1998, Supreme Court (Kane, J.) dismissed the complaint, concluding that the PSC had primary jurisdiction of the issues raised in the complaint. Plaintiffs thereafter filed a notice of appeal challenging Supreme Court's dismissal, but the appeal was not perfected and was dismissed by order of this Court in September 2000.

Prior to the dismissal of the appeal, plaintiffs filed a complaint

with the PSC. Following a series of hearings and appeals, the PSC issued a final determination in June 2003 declaring defendant to be in violation of its tariff and ordering defendant to rebill plaintiffs for a six-year period.* Subsequently, plaintiffs moved, pursuant to CPLR 5015 (a), for an order vacating or modifying the November 1998 order so as to permit plaintiffs to amend their complaint and move for certification of the class so that customers other than the named plaintiffs could obtain relief. By order entered October 1, 2003, Supreme Court (Clemente, J.) denied plaintiffs' motion, prompting this appeal.

Initially, we are unpersuaded by plaintiffs' claim that their motion to vacate should have been granted because the November 1998 order did not, in fact, divest Supreme Court of jurisdiction over any claims remaining after resolution of the PSC's proceedings. Contrary to plaintiffs' argument, the order dismissed the entire complaint without issuance of a stay or any indication that the court was retaining jurisdiction. Although plaintiffs argue in the alternative that the court abused its discretion in failing to retain jurisdiction over certain issues pending resolution by the PSC (*see generally Engelhardt v Consolidated Rail Corp.*, 756 F2d 1368, 1369 [1985]; *see also Porr v NYNEX Corp.*, 230 AD2d 564, 568 [1997], *lv denied* 91 NY2d 807 [1998]), inasmuch as plaintiffs' appeal from the November 1998 order was dismissed for failure to timely perfect, the issues involved therein are not properly before this Court and we decline to address them in the interest of justice (*see Matter of Sawhorse Lbr. & More v Amell*, 2 AD3d 1082, 1083 [2003]).

We have reviewed plaintiffs' remaining contentions and find them unpersuasive. There is no viable rationale supporting vacatur of the November 1998 order based upon any ground either listed in CPLR 5015 or in the interest of justice. It appears that the issues raised are merely an attempt to appeal the November 1998 order notwithstanding the failure to timely perfect that appeal (*see Dyno v Lewis*, 300 AD2d 784, 785 [2002], *lv dismissed* 99 NY2d 651 [2003]). Inasmuch as a motion to vacate should not be utilized as a means by which to raise an issue of law that could have been pursued in the course of a timely perfected appeal (*see Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739, 741-742 [1984]), there exists no basis upon which to find that Supreme Court improvi-

---

* We note that the PSC sent a letter to defendant in March 2004 requesting that it ascertain all other similarly situated customers who were adversely affected by defendant's misapplication of the tariff and to take necessary steps to rebill such customers.

dently exercised its discretion in denying plaintiffs' motion (*see Dyno v Lewis, supra* at 785).

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.