■ In the Matter of KLCR LAND CORPORATION et al., Appellants, v PUBLIC SERVICE COMMISSION OF STATE OF NEW YORK et al., Respondents. [799 NYS2d 320]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Benza, J.), entered May 4, 2004 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission, inter alia, denying petitioners' request for class-wide relief.

Petitioners are nonresidential seasonal electricity service customers of respondent New York State Electric & Gas Corporation (hereinafter NYSEG), a utility that provides electricity and natural gas service. In 1998, petitioners filed a complaint attempting to commence a class action alleging that the utility overcharged its ratepayers contrary to the terms of a tariff approved by respondent Public Service Commission (hereinafter PSC). The complaint was dismissed on the ground that the PSC had primary jurisdiction over the issues raised therein. Petitioners' appeal of that order was ultimately dismissed for failure to perfect and their subsequent attempt to vacate the dismissal so as to permit them to amend the complaint and move for certification of the class was rejected (*KLCR Land Corp. v New York State Elec. & Gas Corp.*, 15 AD3d 719 [2005]).

In the meantime, petitioners filed a complaint against NYSEG with the PSC. Following a series of hearings and appeals, the PSC issued a final determination in June 2003 declaring NYSEG in violation of the tariff and ordering it to rebill petitioners for the six-year period prior to their challenge. Thereafter, in October 2003, petitioners commenced this proceeding seeking to have the PSC's determination annulled insofar as, among other things, it failed to order class-wide relief and a refund beyond the six-year period. Supreme Court dismissed the petition, prompting this appeal.*

---

* We note that Supreme Court denied a request by Highland Park Resort and Pine Tree Associates, which were apparently also customers of NYSEG, to intervene in the proceeding. We have reviewed petitioners' numerous objections to that denial and find them unavailing. Notably, there is no proof that

Initially, we conclude that Supreme Court correctly determined that the PSC's failure to order class-wide relief was not properly before the court inasmuch as petitioners did not appeal the Hearing Officer's denial of that request to the PSC. Petitioners' cross appeal to the PSC specifically states that they "write to cross-appeal from only so much of the determination by [the Hearing Officer] that limited the relief granted to complainants to six years." Based on the premise that "[t]he doctrine of exhaustion of administrative remedies requires 'litigants to address their complaints initially to administrative tribunals, rather than to the courts, and . . . to exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts' " (*Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975], quoting 2 Cooper, State Administrative Law, at 561; *see Matter of Kessel v Public Serv. Commn. of State of N.Y.*, 123 AD2d 203, 206 [1987]), we conclude that petitioners' failure to exhaust their administrative remedies regarding class-wide relief precludes our review.

Next, we do not agree with petitioners' various assertions challenging the PSC's determination with respect to how far back their rates should be recalculated and rebilled. Notably, the PSC demonstrated that, except when proof of fraud is presented, it routinely applied a six-year limitation for refunds. We do not find such a limitation period to be an abuse of discretion or arbitrary and capricious (*see Matter of Concord Assoc. v Public Serv. Commn. of State of N.Y.*, 301 AD2d 828, 829-830 [2003]; 88 NY Jur 2d, Public Utilities § 84; *see also Matter of Chernow Assoc. v Public Serv. Commn. of State of N.Y.*, 230 AD2d 476, 479 [1997]). Furthermore, petitioners' proof before the PSC did not adequately assert a claim for fraud. Therefore, since the issue of fraud was not before the PSC, we find no basis for reversal.

All remaining issues advanced by petitioners have been examined and found to be unpersuasive.

Crew III, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

those parties exhausted their administrative remedies by filing complaints similar to those filed by petitioners. Nor is there proof that petitioners followed proper pleading requirements for intervention. Accordingly, we find no basis to disturb the denial of the intervention request.