■ Township of Thompson et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v New York State Electric & Gas Corporation, Respondent. [807 NYS2d 203]—

Rose, J. Appeal from an order of the Supreme Court (Clemente, J.), entered July 27, 2004 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs, who are nonresidential, seasonal customers of defendant, commenced this attempted class action alleging that they and others similarly situated have been overcharged for electrical service. Their action is based upon a June 2003 determination by the Public Service Commission (hereinafter PSC) that resolved similar complaints of overcharging filed by KLCR Land Corporation and Har-Nof, Inc. (hereinafter the KLCR

complainants).[1] In its determination, the PSC found that defendant had misapplied the applicable tariff, resulting in overcharges, and ordered defendant to recalculate the KLCR complainants' bills for a six-year period.[2] Plaintiffs allege that they are similarly situated to the KLCR complainants and entitled to both the same and further relief. Supreme Court granted defendant's motion for dismissal on the ground that the doctrine of primary jurisdiction applies, prompting this appeal.

We affirm. Under the doctrine of primary jurisdiction, a court has the discretion to refrain from exercising jurisdiction over a matter where an administrative agency also has jurisdiction, and the determination of the issues involved, under a regulatory scheme, depends upon the specialized knowledge and experience of the agency (see Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 156 [1988]; Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22 [1982]; Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns, 228 AD2d 954, 955 [1996], lv denied 89 NY2d 801 [1996]).

In their complaint, plaintiffs assert that they and the members of their proposed class have suffered the very same damages suffered by the KLCR complainants, and their injuries resulted from the very same activities already found to be improper by the PSC. Plaintiffs argue that the PSC's expertise has already been employed to confirm that they were overcharged and, thus, collateral estoppel should be applied to preserve their claims. However, the PSC's June 2003 determination examined the billing circumstances of the KLCR complainants only. It offers no guidance in deciding which other customers would be similarly situated. Inasmuch as the class proposed by plaintiffs includes customers with different service classifications, Supreme Court did not abuse its discretion in finding that the PSC is the preferable body to determine whether plaintiffs also were overcharged due to defendant's

---

1. The KLCR complainants also attempted a class action, but it was dismissed on the ground that the PSC had primary jurisdiction and because they did not perfect an appeal. After the PSC issued its June 2003 determination, the KLCR complainants moved to modify the dismissal order to permit them to amend their complaint and seek class certification, but Supreme Court denied their motion and this Court affirmed (KLCR Land Corp. v New York State Elec. & Gas Corp., 15 AD3d 719 [2005]). The KLCR complainants' challenge to the PSC's determination was also unsuccessful (see Matter of KLCR Land Corp. v Public Serv. Commn. of State of N.Y., 20 AD3d 849 [2005]).

2. In March 2004, the PSC also asked defendant to identify and rebill all other similarly situated ratepayers who had been adversely affected by defendant's misapplication of the tariff. In its brief on appeal, defendant asserts that it did so and rebilled two plaintiffs in this action.

misapplication of the tariff. Moreover, the PSC is in the best position to determine whether defendant has complied with its 2004 directive to recalculate the bills of those similarly situated.

Finally, under these circumstances, plaintiffs' common-law and statutory causes of action were also properly dismissed, as they amount to little more than a recasting of their claim of overcharging or a collateral attempt to obtain relief beyond that granted by the PSC to the KLCR complainants (*see Porr v NYNEX Corp.*, 230 AD2d 564, 568, 571 [1997], *lv denied* 91 NY2d 807 [1998]; *Heller v Coca-Cola Co.*, 230 AD2d 768, 770 [1996], *lv dismissed and denied* 89 NY2d 856 [1996]).

Cardona, P.J., Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.