■ In the Matter of KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C., et al., Appellants, v NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Respondents. [810 NYS2d 550]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Benza, J.), entered November 15, 2004 in Albany County, which denied petitioners' application for counsel fees pursuant to, inter alia, Judiciary Law § 475.

In this proceeding, two law firms seek to recover fees, costs

and disbursements from litigation involving overcharges by respondent New York State Electric & Gas Corporation (hereinafter NYSEG) upon certain of its ratepayers. Although a comprehensive discussion of the litigation is contained in prior decisions of this Court (*see Matter of KLCR Land Corp. v Public Serv. Commn. of State of N.Y.*, 20 AD3d 849 [2005]; *KLCR Land Corp. v New York State Elec. & Gas Corp.*, 15 AD3d 719 [2005]; *see also Township of Thompson v New York State Elec. & Gas Corp.*, 25 AD3d 850 [2006]), it may be summarized as follows. In 1998, petitioners filed a complaint on behalf of their clients, KLCR Land Corporation and Har-Nof, Inc., seeking reimbursement of overcharges paid by them due to NYSEG's noncompliance with a tariff approved by respondent Public Service Commission (hereinafter PSC). The complaint also purported to commence a class action, as it sought relief for all ratepayers similarly situated to KLCR and Har-Nof. In November 1998, the complaint was dismissed by Supreme Court (Kane, J.) on primary jurisdiction grounds but, following various administrative litigation, the PSC ordered NYSEG in June 2003 to rebill the accounts of KLCR and Har-Nof and issue refunds if appropriate.

As a result, petitioners moved, on behalf of KLCR and Har-Nof, to vacate or modify Supreme Court's November 1998 order to permit certification of a class and thereby allow additional customers to obtain relief. Supreme Court (Clemente, J.) denied the motion and this Court affirmed (*KLCR Land Corp. v New York State Elec. & Gas Corp., supra*). Petitioners thereafter commenced a CPLR article 78 proceeding on behalf of KLCR and Har-Nof seeking, among other things, to annul that part of the PSC's determination which failed to order class-wide relief to all ratepayers similarly situated to KLCR and Har-Nof. Supreme Court (Benza, J.) dismissed the petition and this Court affirmed, concluding that Supreme Court had correctly determined that the issue of class-wide relief was not properly presented to the PSC (*Matter of KLCR Land Corp. v Public Serv. Commn. of State of N.Y., supra*).[1]

With petitioners' attempts to pursue a class action against NYSEG thus stymied, petitioners next commenced the instant proceeding. Significantly, in March 2004, the PSC had unilater-

---

**1.** We note that another group of NYSEG customers represented by petitioner Weiss & Yourman commenced a class action against NYSEG based upon the same salient facts seen in this litigation. The dismissal of that action by Supreme Court (Clemente, J.) on primary jurisdiction grounds was recently affirmed by this Court (*Township of Thompson v New York State Elec. & Gas Corp., supra*).

ally requested that NYSEG identify its other customers who had been adversely affected by its tariff misapplication and rebill those customers accordingly. Petitioners now essentially seek to impose a charging lien and/or constructive trust upon the refunds to be paid to these other NYSEG customers and claim that the refunds are largely due to their efforts in the KLCR/Har-Nof litigation and the resulting precedent established therein. Supreme Court (Benza, J.) denied the application and we now affirm.

As a general rule, "an attorney may not recover legal fees from persons other than his [or her] client merely because such other persons might have benefited from his [or her] services" (*Builders Affiliates v North Riv. Ins. Co.*, 91 AD2d 360, 366 [1983]; *see Matter of Loomis*, 273 NY 76, 81-82 [1937]; *Gibson & Cushman Dredging Corp. v Halliburton Co. [Horn Constr. Div.]*, 111 AD2d 741, 744 [1985]). Nonetheless, in certain exceptional cases, an attorney may receive a fee from a nonclient pursuant to the "common fund" doctrine. This doctrine has historically been available to a litigant who successfully prosecutes a suit which results in the creation or preservation of a common fund to be distributed to a class of additional individuals (*see e.g. Gerzof v Sweeney*, 22 NY2d 297, 308 [1968]; *Nance v Town of Oyster Bay*, 54 Misc 2d 274, 275 [1967]; *Chase v City of Syracuse*, 34 Misc 144, 145 [1901]). Application of the doctrine typically results in a counsel fee allowance to the party, to be taken from the fund itself, and is justified by the equitable need to apportion expenses among all who have benefitted from the suit (*see Nance v Town of Oyster Bay, supra* at 275). The doctrine has also occasionally been "extended to authorize an award of attorneys' fees to a successful plaintiff who . . . established the right of others to recover out of specific assets of the same defendant through the operation of stare decisis" (*Hall v Cole*, 412 US 1, 5 n 7 [1973]; *see Sprague v Ticonic Natl. Bank*, 307 US 161, 167 [1939]), and has been held applicable where the litigation does not confer a monetary award on others but nonetheless imparts some other "substantial benefit on the members of an ascertainable class" (*Mills v Electric Auto-Lite Co.*, 396 US 375, 393-394 [1970]; *see generally Seinfeld v Robinson*, 246 AD2d 291 [1998]).

Although the equitable allocation of counsel fees in a common fund/substantial benefit case is generally accomplished upon the application of the litigant (*see e.g. Seinfeld v Robinson, supra*), the federal courts, among other jurisdictions, have made common-fund counsel fee awards available upon the direct application of counsel (*see Central Railroad & Banking Co. of Ga.*

*v Pettus*, 113 US 116, 124-125 [1885]; *Nolte v Hudson Nav. Co.*, 47 F2d 166, 167 [1931]; *Colley v Wolcott*, 187 F 595, 596 [1911]; *see also Morris B. Chapman & Assoc., Ltd. v Kitzman*, 193 Ill 2d 560, 568, 739 NE2d 1263, 1269 [2000]). In such cases, counsel is permitted to apply for independent fees over and above that which they receive from their clients (*see e.g. Central Railroad & Banking Co., of Ga. v Pettus, supra* at 125; *Lindy Bros. Bldrs., Inc. of Phila. v American Radiator & Std. Sanitary Corp.*, 487 F2d 161, 165-166 [1973]; *but see Maurer v International Re-Insurance Corp.*, 33 Del Ch 456, 464-465, 95 A2d 827, 831-832 [1953]). However, it is unclear whether the courts of this state have uniformly adopted such a rule (*compare Proskauer Rose Goetz & Mendelsohn v National Westminster Bank U.S.A.*, 179 AD2d 611, 612 [1992], *with Matter of Richards v United Health Servs.*, 121 AD2d 68, 72 [1986], *and Strong v Dutcher*, 186 App Div 307, 316 [1919]).

Nonetheless, even assuming that such a recovery might be permissible in New York, it appears clear that recovery in a common-fund case is limited to "exceptional cases" in which "dominating reasons of justice" require the allowance of counsel fees (*Sprague v Ticonic Natl. Bank, supra* at 167; *see generally Realty Equities Corp. of N.Y. v Gerosa*, 30 Misc 2d 481 [1960]). Petitioners do not dispute that they have received remuneration for their efforts pursuant to the one-third contingency fee arrangement with the clients that retained them, KLCR and Har-Nof.[2] In our view, this fact alone militates against a finding that this case constitutes one in which " 'overriding considerations' " require the equitable allowance of more fees to petitioners (*Hall v Cole, supra* at 9, quoting *Mills v Electric Auto-Lite Co., supra* at 391).

Moreover, even assuming that the KLCR/Har-Nof precedent created a common fund or substantial benefit from which additional fees for petitioners might be drawn (*but see Realty Equities Corp. v Gerosa, supra* at 491), it is significant to note that it was the PSC, rather than Supreme Court, that requested that NYSEG identify and notify additional ratepayers who would be eligible for a refund. In fact, the PSC's primary jurisdiction over the underlying rate dispute has been repeatedly established in this and other litigation (*see Township of Thompson v New York State Elec. & Gas Corp.*, 25 AD3d 851-852 [2006], *supra; KLCR Land Corp. v New York State Elec. & Gas Corp.*, 15 AD3d 719, 719 [2005], *supra*). Thus, even if the PSC's March 2004 request

2. We also note that, according to NYSEG, petitioners received one-third shares of refunds paid to 36 additional NYSEG ratepayers who petitioners represented.

led to the full identification of "the members of an ascertainable class" entitled to NYSEG refunds, this does not appear to be a case in which Supreme Court's "jurisdiction over the subject matter of the suit" would facilitate ratable distribution of additional counsel fees for petitioners (*Mills v Electric Auto-Lite Co., supra* at 394; *accord New Leadership Comm. v Davidson*, 23 F Supp 2d 301, 307 [1998]). Accordingly, under the circumstances presented, we conclude that Supreme Court properly denied petitioners' common fund/substantial benefit claim.

We also find unpersuasive petitioners' claim that an implied contract between themselves and nonclient NYSEG ratepayers warrants the imposition of a Judiciary Law § 475˙ charging lien upon the ratepayers' prospective refunds. The putative refund recipients did not retain petitioners and were unaware of petitioners' purported efforts on their behalf (*see Medwin v Galib*, 145 AD2d 702, 703 [1988]; *see also Cataldo v Budget Rent A Car Corp.*, 226 AD2d 574, 574 [1996], *lv dismissed* 88 NY2d 1017 [1996], *lv denied* 89 NY2d 811 [1997]; *Ebert v New York City Health & Hosps. Corp.*, 210 AD2d 292, 292-293 [1994], *lv denied* 85 NY2d 806 [1995]).

Petitioners' remaining claims have been considered and found to be without merit.

Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.