■ ITAL ASSOCIATES et al., Appellants, v THOMAS AXON et al., Defendants, and SALVATORE SOMMELLA et al., Respondents. [51 NYS3d 877]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered May 9, 2016, which denied plaintiffs' motion for an order awarding legal fees to their counsel from defendants-respondents Sommella and Karol, unanimously affirmed, without costs.

The court properly denied plaintiffs' fee application as procedurally defective. While plaintiff limited partners are entitled to bring under the "common fund doctrine" an application on behalf of their counsel Samuel Goldman & Associates (SGA) for the equitable recovery of attorneys' fees from defendants-respondents, who did not sign the written retainer agreement but signed a settlement agreement obtained by SGA entitling the limited partners, including defendants-respondents, to receive a pro-rata payout from the proceeds of the sale of a building in which the limited partners had invested (see e.g. Matter of Kantrowitz· Goldhamer & Graifman, P.C. v New York State Elec. & Gas Corp., 27 AD3d 872, 874 [3d Dept 2006], lv denied 7 NY3d 704 [2006]), the application here did not ask the court to determine "reasonable" attorneys' fees (see Boeing Co. v Van Gemert, 444 US 472, 478 [1980]). Rather, plaintiffs' application sought an award of attorneys' fees in specified amounts "computed in accordance with Plaintiffs' Counsel's Contingent Fee Legal Services Agreement for this matter." Since the common fund doctrine provides a basis for recovery of attorneys' fees where there is no contractual basis for the recovery (see Flemming v Barnwell Nursing Home & Health Facilities, Inc., 15 NY3d 375, 379 [2010]), the application here does not properly seek a recovery under that doctrine, and plaintiffs cannot obtain a recovery of those fees based

on the written agreement, which defendants-respondents did not sign. Nor is the record adequate to support a claim for payments specified in that agreement based on an oral contract theory.

We find that the court correctly found that New York Partnership Law § 115-a (5) would not provide a statutory basis for a fee application brought by plaintiffs since the settlement did not result in proceeds received by the limited partners that were to be accounted to the partnership, which was dissolved under the settlement agreement (*see Shlomchik v Richmond 103 Equities Co.*, 763 F Supp 732, 745 [SD NY 1991]). Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ. ██