Ital Assoc. v Axon (2018 NY Slip Op 09013)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Ital Assoc. v Axon

2018 NY Slip Op 09013

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Acosta, P.J., Gische, Mazzarelli, Webber, Oing, JJ.


153449/14 -650163/14 7976N 7975N 7974N

[*1] Ital Associates, et al., Plaintiffs-Appellants,
vThomas Axon, et al., Defendants-Respondents, Salvatore Sommella, et al., Additional Defendants-Respondents.
Ital Associates, et al., Plaintiffs,
vThomas Axon, et al., Defendants, Stephen J. Lovell, et al., Additional Defendants-Respondents/ Appellants-Respondents, Loraine Buetti, Additional Defendant-Respondent, Samuel Goldman & Associates, Nonparty Appellant/Respondent-Appellant.

Samuel Goldman & Associates, New York (Samuel Goldman of counsel), for appellants and appellant/respondent-appellant.
Tashlik Goldwyn Levy LLP, Great Neck (Jeffrey N. Levy of counsel), for Stephen J. Lovell and Jayne Spielman, respondents/appellants-respondents.
DarrowEverett LLP, New York (Kevin P. Gildea of counsel), for Thomas Axon, 185 Franklin Street Corp., Axon Associates, Inc., Harrison Realty Corp., and RMTS, LLC, respondents.
O'Hare Parnagian LLP, New York (Robert A. O'Hare, Jr. of counsel), for Salvatore Sommella and Eugene Karol, respondents.
Feinstein & Naishtut, LLP, Rye Brook (Steven D. Feinstein of counsel), for Loraine Buetti, respondent.

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 22, 2017, which denied plaintiffs' motion for attorney's fees and expenses against defendants and additional defendants (index no. 153449/14), unanimously modified, on the law, to grant the motion to the extent of awarding fees and expenses against additional defendants, and otherwise [*2]affirmed, without costs. Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 9, 2016 (index no. 650163/14), which, to the extent appealed from as limited by the briefs, denied nonparty appellant Samuel Goldman & Associates' (SGA) motion for attorneys' fees and expenses based on a recovery of $3.5 million and awarded fees based on $1 million of that recovery, unanimously reversed, on the law, with costs, and the motion for fees and expenses based on the total $3.5 million recovery granted. Order, same court and Justice, entered January 19, 2018 (index no. 650163/14), which, insofar as appealed from as limited by the briefs, granted additional defendants' motion to confirm the referee's report and recommendation, dated July 25, 2017, which determined reasonable attorneys' fees and expenses, unanimously reversed, on the law, with costs, the motion denied, and the matter remanded for a determination of the amount of fees in accordance herewith.
The motions by both plaintiffs and their counsel (SGA) for awards of attorneys' fees and expenses against additional defendants should have been granted pursuant to the common fund doctrine, and SGA's award against additional defendants in index no. 650163/14 should be based on the total $3.5 million recovery allocable to the independent limited partners, not solely on the portion of this recovery ($1 million) that purportedly is attributable to SGA's efforts alone.
In a prior appeal in index no. 153449/14, this Court recognized that an award of attorneys' fees and expenses against additional defendants pursuant to the common fund doctrine was appropriate, because, although they did not sign the retainer agreement with plaintiffs' counsel (SGA), additional defendants "signed a settlement agreement obtained by SGA entitling [them] to receive a pro-rata payout from the proceeds of the sale of a building in which [they] had invested" (Ital Assoc. v Axon, 150 AD3d 474, 474 [1st Dept 2017]). Additional defendants received a "substantial benefit" as a result of SGA's efforts, i.e., funds from the liquidation of an asset (the subject property) as to which defendants had successfully excluded them for 30 years (see Seinfeld v Robinson, 246 AD2d 291, 294 [1st Dept 1998]).
The fact that SGA has already been partially compensated by plaintiffs does not preclude a fee award, as that would be inconsistent with the purpose of the common fund doctrine to prevent unjust enrichment by "allow[ing] the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses" (Mills v Electric Auto-Lite Co., 396 US 375, 392 [1970]; see also Central R.R. & Banking Co. of Georgia v Pettus, 113 US 116, 125 [1885]; cf. Matter of Kantrowitz Goldhamer & Graifman, P.C. v New York State Elec. & Gas Corp., 27 AD3d 872, 875 [3d Dept 2006], lv denied 7 NY3d 704 [2006] [assuming without deciding that "counsel is permitted to apply for independent fees over and above that which they receive from their clients" but finding recovery inappropriate in the circumstances]).
We acknowledge that there are important distinctions between index no. 650163/14 and index no. 153449/14, in which the prior appeal arose, including the fact that, in index no. 650163/14, additional defendants retained and paid their own, separate counsel. However, we find that the distinctions do not mandate a different result. With respect to the issue of separate counsel, for example, while the parties dispute the extent of additional defendants' counsels' involvement, the motion court found that SGA was chiefly responsible for the recovery and that additional defendants' counsel did not contribute in any meaningful way (see Nolte v Hudson Nav. Co., 47 F2d 166, 168 [2d Cir 1931]; accord United States v Tobias, 935 F2d 666, 668-669 [4th Cir 1991]). The court based this finding on the record and on its own involvement in the litigation; we defer to the court, because it was in a better position to evaluate the parties' claims.
Additional defendants' argument that a fee award is improper because SGA had a conflict of interest in representing both them and plaintiffs is unavailing. Plaintiffs designated them as additional defendants for technical reasons; they did not assert any claims against them, and their interests were essentially aligned (see Stilwell Value Partners IV, L.P. v Cavanaugh, 123 AD3d 641 [1st Dept 2014]).
The court properly declined to award plaintiffs attorneys' fees and expenses against defendants in index no 153449/14, because defendants have consistently controlled and derived benefits from the subject property, and SGA's efforts to force a sale thereof did not confer a [*3]substantial benefit upon them, even if they did receive a share of the proceeds. Moreover, defendants' relationship with plaintiffs was adversarial (see Builders Affiliates v North Riv. Ins. Co., 91 AD2d 360, 367 [1st Dept 1983]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK